**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESUS ALPHONSO SOLIS-SALAZAR,** | : | **CIVIL ACTION NO. 1:26-CV-377** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN J. GREENE,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Jesus Alphonso Solis-Salazar, argues that the United States Bureau of Prisons ("BOP") has improperly deemed him ineligible for time credits under the First Step Act ("FSA"). The petition will be denied.

### I.   Factual Background & Procedural History

Solis-Salazar is serving a 120-month aggregate sentence of imprisonment imposed by the United States District Court for the Eastern District of Kentucky for conspiracy to distribute 500 grams or more of methamphetamine and more than one kilogram of heroin, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 9-2 at 1). He is housed in Allenwood Federal Correctional Institution ("FCI-Allenwood").

Solis-Salazar filed this case on February 17, 2026. (Doc. 1). He asserts that the BOP has improperly deemed him ineligible for time credits under the FSA and seeks a writ of habeas corpus compelling the BOP to deem him eligible for time

credits and apply such credits to his sentence. (Id.) Respondent responded to the petition on April 3, 2026, arguing that Solis-Salazar's conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) renders him statutorily ineligible for FSA time credits. (Doc. 9). Solis-Salazar filed a reply brief on April 21, 2026, making the petition ripe for review. (Doc. 10).

II.     Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Inmates who have been convicted of certain enumerated offenses are ineligible to receive credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D). Among other offenses, if a petitioner has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" in violation of 18 U.S.C. § 924(c), he is ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Solis-Salazar is currently serving an aggregate sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)

and several other crimes. (See Doc. 9-2 at 1). He is therefore ineligible for FSA time credits. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Solis-Salazar argues that he should be eligible to receive FSA credits despite his Section 924(c) conviction because he is "no longer serving a time of disqualified offense" and the BOP "has eliminated disqualified language." (Doc. 1 at 3). These arguments are meritless. Federal law requires that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Pursuant to section 3584(c), Solis-Salazar's Section 924(c) sentence and his other sentences are treated as one aggregate sentence for purposes of FSA credit. See Iverson v. Sage, No. 1:24-CV-1594, 2025 WL 1089644, at *2 (M.D. Pa. Mar. 6, 2025) (collecting cases). Thus, Solis-Salazar is ineligible for FSA credit because he is serving a sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of Section 924(c). As for Solis-Salazar's argument that the BOP has "eliminated the disqualified language" from the FSA, it is unclear what this refers to, but any contrary interpretation by the BOP could not change the plain language of the FSA barring credit for inmates serving Section 924(c) sentences. Accordingly, Solis-Salazar's petition will be denied because he is barred from receiving FSA credits under 18 U.S.C. § 3632(d)(4)(D)(xxii).

## III.   <u>Conclusion</u>

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   May 28, 2026

4